```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN E. REARDON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER MONDELLI, et al.,<br><br>　　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>　Civil Action<br>15-5520 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

In this matter, Plaintiff pro se John E. Reardon ("Plaintiff") generally alleges that certain government officials violated his constitutional and statutory rights in connection with a June 20, 1990 arrest and subsequent criminal trial. On several occasions, Plaintiff has moved for Default, Default Judgment, and other various forms of relief. [See Docket Items 18, 23, 43, 62, 73, and 80.] Each time, the Court held that Plaintiff was not entitled to Default, Default Judgment, or any other form of relief because he failed to serve the summons and Complaint on any of the defendants. [See Docket Items 47, 60, 69, and 85.] Plaintiff has still not properly served any of the defendants, nor has he shown good cause for his failure to do so. Accordingly, and for the reasons discussed below, the Complaint will be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The Court finds as follows:

1. On July 9, 2015, Plaintiff filed a Complaint against Defendants Officer Mondelli, Judge Greene, Judge Steinberg, Prosecutor Caplan, D. Sgt. Bruce Dawson, Frank J. Soltis, Prosecutor Andrew Rossetti, James P. Mulvihill, Howard C. Gilfert, Mary Eva Colalillo, Warren Faulk, Sgt. A.L. Simon, Officer James Leason, James Farmer, "Criminal and Civil Docket Clerks of Camden County from June 1990 to February 1992," and Mr. S. Keven Walshe (collectively, "Defendants"). [Docket Item 1.] Plaintiff subsequently filed with the Clerk of Court several documents, wherein he attached receipts of certified mailings to Defendants (and others not named in the Complaint) who resided in New Jersey and Florida. [See Docket Items 9, 10, 16, 17, and 21.] Plaintiff then moved for Default and Default Judgment against the Defendants. [See Docket Items 18, 23, 43, 73, and 80.]

2. Each time he moved for Default or Default Judgment, Plaintiff argued, among other things, he had properly served all Defendants by certified mail, and he was, therefore, entitled to the entry of Default by the Clerk of Court and Default Judgment by the Court. But, as the Court explained then [see generally Docket Items 60, 73, and 85], service by certified mail is **not** permitted in Florida unless a defendant accepts service by returning a waiver of service of the summons to the plaintiff, see Fla. R. Civ. P. 1.070(i), in New Jersey, unless a defendant

2

"answers the complaint or otherwise appears in response thereto" within 60 days following mailed service, see N.J. Ct. R. 4:4-4(c), or, in New Jersey, "[i]f it appears by affidavit satisfying the requirements of R[ule] 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," N.J. Ct. R. 4:4-4(b)(1); see also Fed. R. Civ. P. 4(e) (authorizing a plaintiff in federal court to use any means of service provided by the law of the state in which service is to be affected).

    3. On August 13, 2018, the Clerk of Court notified Plaintiff that the Complaint would be dismissed pursuant to Fed. R. Civ. P. 4(m) if he failed to establish that service of the summons and Complaint had been effected within 90 days of the filing of the Complaint or unless the Plaintiff otherwise showed good cause why this action should not be dismissed. [Docket Item 89.] The deadline for Mr. Reardon to respond to the Rule 4(m) Notice was September 4, 2018. [Id.] The following week, Plaintiff timely filed an "Affidavit," wherein he argued, inter alia, "[t]he court has no power, right, privilege, authority or right to deny the plaintiff of default and a trial date as to damages or to default judgment given this case has been willfully, intentionally, deliberately and knowingly default judgment given the fact that this case is over 3 years old and for which the defendants are clearly in default for failure to

3

timely plead or otherwise defend." [Docket Item 90 at ¶ 7.] Plaintiff further argues, "[t]he court's rulings, opinions and judgments have improperly ruled and implied in its orders that F. R. Civ. P. 4 trumps rules 12(a)(1)(A)(i), 12(b)(2)-(5) and 12(h) when it does no such thing and this court has deliberately, intentionally[,] willfully and knowingly so held contrary to the case law below." [Id. at ¶ 8.] Plaintiff did not file proof of service with the Clerk of Court or otherwise show good cause for his failure to timely and properly serve Defendants within 90 days of the filing of the Complaint.

4. Fed. R. Civ. P. 4(m) provides that the district court shall dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. "A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant." Maltezos v. Giannakouros, 522 F. App'x 106, 108 (3d Cir. 2013) (citing McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). "Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time." Maltezos, 522 F. App'x at 108 (citing Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305-06 (3d Cir. 1995)). Prior to dismissing an action upon its own motion for failure to effect timely

4

service, the district court must give notice to the plaintiff, Liu v. Oriental Buffet, 134 F. App'x 544, 546 (3d Cir. 2005), as has occurred here. Furthermore, the Court had previously instructed Mr. Reardon on how to make proper personal service of the summons and Complaint as required by the rules and the requirements of due process.

5. Here, 1,155 days have passed between the filing of the Complaint on July 9, 2015 and the date of this Memorandum Opinion. As noted above, the Court has explained to Plaintiff on several occasions that service by certified mail is **not** permitted under federal, New Jersey, or Florida law. Personal service is required by an adult other than Mr. Reardon. Rather than follow the Court's guidance and attempt to properly serve Defendants, Plaintiff instead renewed his requests for Default and Default Judgment based on the same erroneous arguments previously made and filed a motion for relief from the Court's prior Orders denying his requests for Default and Default Judgment.

6. On August 13, 2018, the Court provided notice to Plaintiff that the Complaint would be dismissed unless he established that service was properly effectuated within 90 days of the filing of the Complaint or otherwise demonstrated good cause why the action should not be dismissed. [Docket Item 89.] Plaintiff has still not properly served the Complaint on any

5

Defendant, nor has he provided any explanation for his failure to do so, except that he disagrees with the Court's holdings that service by certified mail is not permitted under federal, New Jersey, or Florida law in these circumstances. Accordingly, the Court finds Plaintiff has not demonstrated good cause for failure to timely serve Defendants and declines to exercise its discretion to provide him with a further extension of time.

7. The Court notes that Plaintiff has appealed [Docket Item 87] the Court's most recent Order, dated July 9, 2018. [Docket Item 85.] Notwithstanding Plaintiff's appeal to the Third Circuit, Appeal No. 18-2766, this Court retains jurisdiction over the current matter because the Court's Order denying Plaintiff's motion for relief from miscellaneous orders and "for an order dismissing the case, granting default and a trial date as to damages or permission to reserve lawsuit" is not a "final decision," see 28 U.S.C. § 1291, and because this Court did not certify that the July 9, 2018 Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," nor has the Third Circuit, in its discretion, permitted an appeal to be taken from such an Order, see 28 U.S.C. § 1292(b). The filing of an appeal from a non-

6

appealable order does not divest this Court of its authority to act.

8. For these reasons, the Complaint will be dismissed pursuant to Fed. R. Civ. P. 4(m). The accompanying Order will be entered.

**September 6, 2018**             **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                U.S. District Judge